**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                      PETITIONER

V.                                        4:09MC00027 JMM

PAUL FOWLER, INC.                                                                  RESPONDENT

**ORDER DENYING MOTION TO QUASH**

On August 31, 2009, the United States filed a Petition to Enforce IRS Summons against the Respondent. The Court entered an Order asking the Respondent to show cause, on or before October 29, 2009, why the Summons should not be enforced. Respondent filed an Amended Answer on October 22, 2009 and a Motion to Quash the IRS Summons. The United States responded to the Motion to Quash by arguing that the Respondent does not have standing to bring the motion and, in the alternative, the motion was filed more than 20 days after notice of the Petition was given.

>The Court finds that Respondent does not have standing to quash the Summons.

>Pursuant to 26 U.S.C. § 7609, whenever a summons is served upon a "third-party recordkeeper," the IRS must give notice of the summons to the person who is identified as the subject of the records sought (ordinarily the taxpayer who is the subject of an IRS audit or investigation). 26 U.S.C. § 7609(a)(1). Under § 7609(b)(1), such a person has a right to intervene; however, he need not await an enforcement proceeding that may never be initiated, because he has the right to initiate a proceeding in federal court to quash the summons. 26 U.S.C. § 7609(b), (h)(1).

*Upton v. I.R.S.,* 104 F.3d 543, 546 (2nd Cir. 1997). The Respondent is not a "third-party recordkeeper" as that term is defined by 26 U.S.C. § 7609(a)(3). The Summons served here is not a third party summons. Under the statute, the Petitioner is not required to give separate notice to the Respondent and, therefore, the Respondent does not have standing to quash the Summons. As in *Upton*, neither the Respondent nor Paul Fowler, as corporate officer of the

Respondent, are third party recordkeepers. More importantly, there is no indication that the Respondent or Paul Fowler, as corporate officer, lack an interest in protecting the information summoned by the Petitioner.

Moreover, as the Petitioner points out, the motion to quash is untimely and the Court does not have jurisdiction to consider it. *Ponsford v. United States,* 771 F.2d 1305 (9th Cir. 1985).

Respondent's Motion to Quash the IRS Summons (Docket # 8) is DENIED.

IT IS SO ORDERED this 27th day of October 2009.

_____
James M. Moody
United States District Judge